IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | The Honorable Liam O'Grady |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-cr-00003-LO |
| v. | ) | |
| | ) | |
| KIM DOTCOM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY OF KYLE GOODWIN IN SUPPORT OF HIS MOTION TO UNSEAL SEARCH WARRANT MATERIALS

On July 9, 2012, counsel for Mr. Goodwin asked the government if it would agree to unseal the search warrants in this case. The government refused, requiring Mr. Goodwin to prepare and file a formal motion to unseal. Dkt. No. 131. At the same time, Mr. Goodwin's request for return of his property has been pending for several months, and the Court recently sought proposals on the breadth and scope of a hearing under Rule 41(g) of the Federal Rules of Criminal Procedure. Both parties filed their proposals on October 30, 2012. Dkt. Nos. 135, 136

The government then filed an opposition to Mr. Goodwin's motion to unseal on November 5, 2012. Dkt. No. 139. Much of the substance of the government's argument was filed *ex parte* and under seal, severely hampering Mr. Goodwin's ability to respond to either the government's arguments or facts in support thereof. *See,* Dkt. No. 139 at 2, 4. Nevertheless, the government's opposition did indicate that the government had conceded that unsealing was appropriate with respect to five warrants and some related

1

materials with only minimal redactions. The Court then ordered the documents unsealed on November 7, 2012. Dkt. No. 145.

While Mr. Goodwin was encouraged that the government reversed its opposition to unsealing many of the documents, questions remain about still-sealed documents and whether they may be relevant to Mr. Goodwin's effort to seek the return of his property. In order to address those questions, Mr. Goodwin seeks both unsealing of any return documents and confirmation that no other sealed warrants exist (or sufficient information to identify any warrants that do exist).[1] That confirmation is necessary because it appears, based on the government's own filings, that the government conducted at least one additional search of the seized materials for the sole purpose of responding to Mr. Goodwin's motion for return of his property.

Mr. Goodwin highlights three salient facts: 1) the government has repeatedly said that it completed long ago the investigation underlying the warrant materials at issue; 2) the government itself believes that "substantial portions of the records at issue no longer need to be sealed," Dkt. No. 139 at 2; and 3) the government has admitted it has investigated Mr. Goodwin's materials, raising additional Fourth Amendment and privacy concerns. Now more than ever, Mr. Goodwin should have access to all of the underlying warrant materials, including those that may still be outstanding.

First, as to the return documents, Mr. Goodwin has requested (in addition to search warrants and applications), "all judicially-filed material related to the loss of his data." Dkt. No. 139 at 1. In its publicly-filed opposition, the government stated that it

---

[1] Currently, the only information Mr. Goodwin has regarding other potentially relevant search warrants is a segment of the 2012 "running list" from the district court clerk's office, which provides little to no identifying data as to the substance of the warrants listed therein.

was "using the term 'search warrant' to encompass the standard documents filed with the Court when a search warrant is filed: (1) the application for a search warrant; (2) the search warrant itself; (3) the affidavit in support of the search warrant; and (4) any motion to unseal." Dkt. No. 139 at 2-3 n.3. The government failed to consider—or presumably include in its *ex parte* under seal filing with this Court—the customary warrant return documentation required by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 41(f)(1)(D) ("The officer executing the warrant must promptly return [the return]—together with a copy of the inventory—to the magistrate judge designated on the warrant. The officer may do so by reliable electronic means. The judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant."); *see also* Fed. R. Crim. P. 41(i) (requiring the magistrate judge to attach to warrant "a copy of the return, of the inventory, and of all other related papers").

Thus, any return documentation relating to the search warrants partially unsealed and identified at 1:12 SW 34, 1:12 SW 35, 1:12 SW 36, 1:12 SW 37, 1:12 SW 40, and 1:12 SW 41 (and any other search warrant pertaining to Mr. Goodwin's data) should also be unsealed.

Additionally, the government has already publicly stated that the execution of the search warrants at issue has been "completed" and that it "copied selected Mega Servers and copied selected data from some of the other Mega Servers, but did not remove any of the Mega Servers from the premises." Dkt. No. 39 at 5; January 27 Letter from Jay V. Prabhu ("Prabhu Letter"), Dkt. No. 32 at 1. While the unsealed materials thus far provide some explanation of how the government informed the Court it intended to proceed with

3

its search warrants, they fail to detail the execution of those warrants (aside from those scant details laid out in the Prabhu Letter), and do not discuss how the government has handled material owned by third parties such as Mr. Goodwin.

The unsealed documents demonstrate that the government was at least aware that Megaupload had legitimate uses and users,[2] yet neither notified the Court of this fact nor provided any plan for minimization to prevent or mitigate harm to third-party users like Mr. Goodwin. Since it seems clear that the government did not inform the Court of any plan for protecting the privacy of or returning third-party data affected by its seizure, the return documents are necessary for Mr. Goodwin and the public to understand what, if any, consideration the government gave to third-party rights when it actually executed the search warrants in question. The return documents would presumably answer this question either affirmatively or by omission.

Second, confirmation that no additional warrants were sought or granted is needed because, based on the government's brief on the breadth and format of a hearing under Fed. R. Crim. P. 41(g), it appears that the government has accessed Mr. Goodwin's personal files stored with Megaupload in response to his request for return of his property. *See* Dkt. 136 at n.2.[3] This obviously raises questions related to secondary

---

[2] *See, e.g.,* Affidavit in Support of Search Warrant, 1:12 SW 41 at ¶ 15 ("browsing the front page of Megavideo.com does not show any obviously infringing copies of copyrighted works; instead the front page contains videos of news stories, user-generated videos, and general Internet videos in a manner substantially similar to Youtube.com.").

[3] *See* Brief of the United States Regarding the Breadth and Format of a Hearing to Determine the Applicability of Federal Rule of Criminal Procedure 41(g), Dkt. No. 136 at 3 n.2 ("Based on the government's review of Mr. Goodwin's website, ohiosportsnet.tv, the list of files uploaded by a Megaupload user using the account name 'ohiosportsnet,' and the MD5 hash values of those files, it is not clear that Mr. Goodwin or his company

4

searches,[4] which leads Mr. Goodwin to seek confirmation about additional warrants or similar legal instruments affecting his property (such as allowing a search for information contained in footnote 2) that may still be under seal.

In light of the foregoing, Mr. Goodwin requests that this Court unseal the return documentation required by Fed. R. Crim. P. 41(f)(1)(D) and associated with the search warrants partially unsealed and identified at 1:12 SW 34, 1:12 SW 35, 1:12 SW 36, 1:12 SW 37, 1:12 SW 40, and 1:12 SW 41. Mr. Goodwin also requests that the government either state that no other warrants implicating his rights exist or specifically identify any such documents so that he may request unsealing.

Finally, Mr. Goodwin is willing to withdraw these remaining requests if the government agrees to stipulate that it undertook no actions to minimize the effects on third parties of the searches and seizures in this case, including that it failed to: (1) inform the Court about potentially affected third parties; (2) attempt to reduce the amount of third-party data affected; (3) attempt to isolate third-party data; or (4) consider and establish a plan for the return of that data.

Dated: November 28, 2012         Respectfully submitted,

                                 /s/ John S. Davis
                                 John S. Davis
                                 WILLIAMS MULLEN
                                 200 So. 10th St.
                                 Richmond, VA 23218
                                 Telephone: (804) 420-6296

---

owns the rights to all the data that he (or others using the 'ohiosportsnet' account) uploaded to Megaupload.").

[4] In addition, such information may show the government's capabilities to identify the material owned by specific third-party users, and how much cost and effort may in fact be involved in such searches, information valuable both to Mr. Goodwin's quest to retrieve his own property and to members of the public who may likewise be affected.

Facsimile: (804) 420-6507
Email: jsdavis@williamsmullen.com

Julie P. Samuels
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: julie@eff.org

Abraham D. Sofaer
THE HOOVER INSTITUTION
Stanford University
434 Galvez Mall
Stanford, CA 94305-6010
Telephone: (650) 723-1754
Email: asofaer@stanford.edu

*Attorneys for Interested Party Kyle Goodwin*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2012, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, upon the following:

Jay V. Prabhu
Chief, Cybercrime Unit
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Ira Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

*Counsel to Megaupload Limited*

Christopher Harlow
Thomas Millar
SNR DENTON
1301 K St. NW, Suite 600 East Tower
Washington, D.C. 20005

*Counsel to Carpathia Hosting, Inc.*

Ed McNicholas
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

*Counsel to Megaupload Limited*

Stephen Fabrizio
JENNER & BLOCK
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

*Counsel to Motion Picture Association of America*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 28, 2012     _____/s/_____
John S. Davis