IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:12CR3 |
| ) | |
| v. ) | |
| ) | |
| KIM DOTCOM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## SUR-REPLY OF THE UNITED STATES IN OPPOSITION TO
## NON-PARTY KYLE GOODWIN'S MOTION TO UNSEAL SEARCH WARRANTS

The United States, by and through its undersigned attorneys, hereby files this sur-reply in response to Kyle Goodwin's Reply in Support of His Motion to Unseal Search Warrant Materials ("Goodwin Reply"). Few issues remain. First, Mr. Goodwin continues to seek unsealing of any search warrant return documents. The government agrees that the search warrant returns related to the six search warrants identified in prior briefing may be partially unsealed. Second, Mr. Goodwin seeks confirmation that "no additional warrants were sought or granted." Goodwin Reply 4. Mr. Goodwin filed a motion to unseal, yet he has not identified any other document which he seeks to unseal, nor offered any justification for such a document's unsealing. He has offered no basis for the Court to issue what amounts to a declaratory judgment regarding documents that may or may not exist in a criminal investigation, or in the Court's files. The request should be denied. Finally, Mr. Goodwin offered to withdraw his request if the government agrees to stipulate to facts that are irrelevant to the present motion, already flatly contradicted by the record before the Court, and which cannot be established by any possible evidence. The government respectfully declines.

## ARGUMENT

The search warrant returns were properly sealed. However, at this time, the government agrees that some information contained in the returns may be unsealed. The government has filed, *ex parte* and under seal, proposed redacted versions of the search warrant returns for the six search warrant dockets already partially unsealed by the Court. The redactions to the returns are similar to redactions taken in the search warrants, and these redactions are justified for the reasons stated in *ex parte*, sealed statement of reasons previously filed in those dockets. The government has also submitted proposed orders authorizing unsealing of the redacted version of each return.

Mr. Goodwin next seeks confirmation "that no additional warrants were sought or granted." It is unclear how such relief is proper in the context of a motion to unseal. Mr. Goodwin's original motion requested the unsealing of "the search and seizure warrants, applications, and all related judicially-filed material relating to the loss of his data." Mot. of Kyle Goodwin to Unseal Search Warrant Materials & Br. in Support ("Goodwin Mot."), Dkt. No. 131, at 1. The government previously stated it had done its best to identify relevant material, including contacting counsel and requesting the identification of any specific dockets that Mr. Goodwin wanted to unseal. Resp. of the United States to Non-Party Kyle Goodwin's Mot. to Unseal Search Warrants ("Gov't Resp."), Dkt. 139, at 1 n.1.

But rather than identifying additional documents for unsealing, Mr. Goodwin seeks declaratory relief, and, to justify such extraordinary relief, raises the specter of government misconduct. Such relief is unavailable and such allegations are unfounded. Mr. Goodwin cites no law holding that when an individual raises the public's right of access to documents, as Mr.

Goodwin has here, the Court may order declaratory relief regarding the existence or non-existence of other, unidentified records. The government is aware of none.

There is no general right to notice regarding the existence of process that affects an individual, even when an individual is a target of an investigation. *See S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 750 (1984) (rejecting right to notice of subpoena directed at third party by target of investigation even though it would "[prevent] some persons under investigation . . . from asserting objections to subpoenas . . . ."); *In re Swearingen Aviation Corp.*, 605 F.2d 125, 127 (holding target of grand jury investigation has no right to know whether third party has provided evidence against him or her). More specifically, there is no requirement that the government notice third parties regarding searches that may affect their rights – the requirements of Rule 41 are satisfied by leaving a copy of the warrant at the place to be searched. *See* Fed. R. Cr. P. 41(f)(C); *In the Matter of the Application of the United States of America for a Search Warrant for Contents of Electronic Mail*, 665 F. Supp. 2d 1210, 1223 (D. Or. 2009) ("If a suspect leaves private documents at his mother's house and the police obtain a warrant to search his mother's house, they need only provide a copy of the warrant and a receipt to the mother, even though she is not the 'owner' of the documents."). In the context of an individual asserting a public right of access via a motion to unseal, any notice requirement "is fulfilled by docketing 'the order sealing the documents.'" *Media Gen. Operations v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (quoting *Baltimore Sun v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)).

Mr. Goodwin does not allege that any relevant sealing orders were not docketed, nor does he allege that any such materials were improperly sealed. Rather, he simply asserts that "confirmation that no additional warrants were sought or granted is needed" because he believes

that the government may have improperly accessed Mr. Goodwin's files to prepare its response to his motion. The implication that the government conducted an unlawful search of Mr. Goodwin's data is baseless. First, the government has repeatedly stated *it does not possess Mr. Goodwin's files*. *See* Response of the United States to Non-Party Kyle Goodwin's Motion for the Return of Property Pursuant to 18 U.S.C. § 1963 or Fed. R. of Cr. P. 41(g), Dkt. No. 99, at 3 ("The government does not possess any of Mr. Goodwin's property[.] "); *id.* at 7 ("[T]he United States does not have possession, custody, or control of any property belonging to the defendant."); Mot. Hr'g Tr. June 29, 2012, Dkt. No. 116, at 13 ("[T]he Government does not possess the property at issue."). This allegation also flatly contradicts the argument made by Mr. Goodwin in his original motion, where he claimed the government showed a clear disregard for his constitutional rights by *abandoning his data*, not by seizing it. Br. of Kyle Goowin In Support of His Motion for the Return of Property Pursuant to 18 U.S.C. § 1963 or Fed. R. of Cr. P. 41(g), Dkt. No. 91, at 8 ("In . . . executing the search warrant at Carpathia, the government took constructive possession of third parties' data, then abandoned the data under circumstances in which it was both inaccessible and potentially subject to destruction."). It is impossible to unlawfully search that which you do not have.

Moreover, the government has already publicly explained how it obtained the data that was the basis for footnote 2 of its prior brief. At the June 29, 2012 motions hearing, counsel for the government stated, when discussing how the search warrants at Carpathia were conducted:

> [T]he Government first tried to identify servers that would have
> directories or information about files that the Government believed it
> needed to seize as subject to the search warrant and identified those,
> imaged those servers, and then attempted to locate other files that the
> Government believed were evidence of the crimes charged in the
> indictment . . .

4

*Id.* at 7-8. However, as counsel also explained, it was impossible for the government to copy every underlying file – rather, the government identified particular files and servers based on the directory files and imaged those files and servers. *Id.* Notably, this is the same procedure the government described to the Court in the now-unsealed search warrant materials. *See* Aff. in Supp. of Search Warrant, 1:12 SW 41, at ¶¶ 41-43 (Jan. 18, 2012). The directory files seized by the government contained information regarding the names, titles, and MD5 hash values of files uploaded by individual users, but not the underlying files. Thus, as noted in the government's brief, to view the content of some of Mr. Goodwin's files the government reviewed his publicly available website, ohiosportsnet.tv, as well as a *list* of files and their associated hash values. The list was generated from the government's review of a Megaupload directory file – which is basically a Megaupload business record - seized pursuant to a valid search warrant.

      Mr. Goodwin closes his reply with an offer. Though Mr. Goodwin has never proposed stipulations to the government, he now offers to withdraw his motion to unseal if the government stipulates "that it undertook no actions to minimize the effects on third parties," including four specific facts. The government cannot stipulate to those facts, because they are both false and unsupported by the evidence already in the record. Here is one example: Mr. Goodwin asks the government to stipulate to the fact that it failed to inform the Court about potentially affected third parties. Yet the affidavits in support of the domain seizures states specifically "seizure of the Subject Domain Names will prevent visitors from continuing to access the websites located at the Subject Domain Names." *See, e.g.*, Affidavit in Support of Seizure Warrant, No. 1:12 SW 34, at ¶ 32. The request for stipulations merely demonstrates Mr. Goodwin's inability to prove these facts on the already substantial record before the Court.

The government diligently sought to identify sealed records responsive to Mr. Goodwin's motion. All records identified were reviewed, redacted, and released pursuant to an Order of this Court. Unsatisfied with near total relief, Mr. Goodwin now alleges government misconduct to justify further relief from the Court, and seeks to obtain concessions or stipulations from the government in response to such false allegations. What remains of his motion should be denied.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:     /s/
        Andrew Peterson
        Jay V. Prabhu
        Assistant United States Attorneys

        Lanny A. Breuer
        Assistant Attorney General
        U.S. Department of Justice
        Criminal Division

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

Christopher L. Harlow, Esq.
SNR Denton US LLP
*Counsel for Carpathia Hosting, Inc.*
1301 K Street NW, Suite 600, East Tower
Washington, DC 20005
Tele: (202) 408-6816
christopher.harlow@snrdenton.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
*Counsel for Motion Picture Association of America*
1099 New York Ave, NW, Suite 900
Washington, DC 20001-4412
Tele: (202) 639-6000
jcarpenter@jenner.com

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
*Counsel for Quinn Emanuel Urquhart & Sullivan LLP*
1299 Pennsylvania Avenue NW, Suite 825
Washington, DC 20004
Tele: (202) 538-8000
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com

John S. Davis, Esq.
Williams Mullen
*Counsel for Kyle Goodwin*
200 South 10th Street, 16th Floor
Richmond, VA 23219
Tele: (804) 420-6296
jsdavis@williamsmullen.com

Ira P. Rothken, Esq.
The Rothken Law Firm
*Counsel for The Rothken Law Firm*
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tele: (415) 924-4250
ira@techfirm.net

/s/
Andrew Peterson
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tele: 703-299-3700
Fax: 703-299-3981