IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | The Honorable Liam O'Grady |
| Plaintiff, ) | |
| ) | Case No. 1:12-cr-00003-LO |
| v. ) | |
| ) | |
| KIM DOTCOM, *et al.* ) | |
| ) | |
| Defendants. ) | |

**BRIEF OF KYLE GOODWIN IN RESPONSE TO SUPPLEMENTAL BRIEF OF SPECIALLY APPEARING DEFENDANT AND INTERESTED PARTY MEGAUPLOAD LIMITED REGARDING RULE 41(G) HEARING**

More than a year ago, the government executed search warrants and seizures that deprived Kyle Goodwin and many other third parties of access to their property, specifically the data they had stored on Megaupload's cloud storage service. *See generally,* Dkt. No. 51 at 3-6; Dkt. No. 91 at 2-6. At least some of those warrants have since been unsealed. Dkt. No. 143. Nearly ten months ago, Mr. Goodwin began seeking the return of his property, and his motion is currently pending before this Court. On January 2, 2013, Megaupload asked this Court to allow it to participate in any hearing held pursuant to Mr. Goodwin's motion; Mr. Goodwin now files this brief in support of Megaupload's request. Dkt. Nos. 156; 153-2.

Mr. Goodwin has, on more than one occasion, set forth the legal basis for return of his property, which includes whether the government displayed a callous disregard for his constitutional rights.[1] Specifically, even given the limited knowledge Mr. Goodwin

---

[1] *See e.g.,* Third Party Kyle Goodwin's Proposal re: Return of Property Under Fed. R. Crim. P. 41(g), Dkt. No. 135 at 2-5

1

and the public now have about last year's searches and seizures (both in the United States and in New Zealand), it appears that the government may indeed have acted with callous disregard for the property rights of Mr. Goodwin and many others, requiring the return of his property.

Megaupload's recent filings, however, increase the concern and set forth additional potential bases for the property's return, including that the seizures may have been based on misleading affidavits. Consequently, at the very least Megaupload, via counsel, should be granted leave to participate in any hearing held under Fed. R. Crim. P. 41(g), and any such hearing should explicitly consider the validity of the relevant search warrants (which includes at least those found at 1:12-sw-34, 1:12-sw-35, 1:12-sw-36, 1:12-sw-37, and 1:12-sw-40).

Specifically, Megaupload alleges that the government relied on Megaupload's explicit cooperation with the government pursuant to a warrant from June 2010 (the "2010 warrant") to form the basis of its criminal allegations in *this* action. Dkt. Nos. 156; 153-2 at 7. If this is true, as Megaupload argues, fundamental questions exist about the validity of the search warrants executed in this action. *Id.* at 4, 10. If the warrants are invalid—particularly if that invalidity is based on intentional wrongdoing by the government—then Mr. Goodwin should be entitled to return of his property. *U.S. v. Comprehensive Drug Testing, Inc.,* 513 F.3d 1085, 1105 (9th Cir. 2008) ("*CDT I*").[2] As the Ninth Circuit has stated:

---

[2] To be clear: Mr. Goodwin is not seeking any relief with regard to the underlying case between the government and Megaupload, or what evidence may or may not be used for those purposes. To the contrary, the relief he seeks is merely for return of his property under Rule 41(g), which is "broader than the exclusionary rule." *U.S. v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (*"CDT II"*) ("The return of

> When, as here, the government comes into possession of evidence by circumventing or willfully disregarding limitations in a search warrant, it must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof. When the district court determines that the government has obtained the evidence through intentional wrongdoing—rather than through a technical or good faith mistake—it should order return of the property without the need for balancing that is applicable in the more ordinary case.

*U.S. v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010) ("*CDT II*").

Moreover, it is now clear that the government's actions involving Megaupload and the 2010 warrant are directly relevant to the government's actions surrounding the searches and seizures that resulted in the deprivation of Mr. Goodwin's property in 2012. Since Megaupload and the government alone have full knowledge of each party's actions pursuant to the 2010 warrant, and presumably the specific files that formed the basis of the warrants in this action, the Court should welcome—in fact, require—Megaupload's participation in any hearing held under Rule 41(g) to ensure a complete factual record.[3]

---

seized property under Rule 41(g) and the exclusionary rule serve fundamentally different purposes. Suppression helps ensure that law enforcement personnel adhere to constitutional norms by denying them, and the government they serve, the benefit of property that is unlawfully seized. Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure. Suppression applies only to criminal defendants whereas the class of those aggrieved can be, as this case illustrates, much broader.").

[3] Moreover, if Megaupload is correct that the search warrants in this action were invalid, then questions exist as to what basis the government initially had to shut down Megaupload's website at all and cut off access to Megaupload's customers. *See cf., Maryland v. Garrison,* 480 U.S. 79, 85 (1987) ("But we must judge the constitutionality of their conduct in light of the information available to them at the time they acted. Those items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued."). To the extent that the warrants were invalid, Mr. Goodwin should never have lost access to his property, or at least should have had an opportunity to retrieve it before he lost that access.

3

Dated:  January 29, 2013         Respectfully submitted,

        /s/ John S. Davis
John S. Davis
WILLIAMS MULLEN
200 So. 10th St.
Richmond, VA 23218
Telephone: (804) 420-6296
Facsimile: (804) 420-6507
Email: jsdavis@williamsmullen.com

Julie P. Samuels
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: julie@eff.org

Abraham D. Sofaer
THE HOOVER INSTITUTION
Stanford University
434 Galvez Mall
Stanford, CA 94305-6010
Telephone: (650) 723-1754
Email: asofaer@stanford.edu

*Attorneys for Interested Party Kyle Goodwin*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, upon the following:

Jay V. Prabhu
Chief, Cybercrime Unit
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Christopher Harlow
Thomas Millar
SNR DENTON
1301 K St. NW, Suite 600 East Tower
Washington, D.C.   20005

*Counsel to Carpathia Hosting, Inc.*

Ira Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

Ed McNicholas
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

*Counsel to Megaupload Limited*

*Counsel to Megaupload Limited*

Stephen Fabrizio
JENNER & BLOCK
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

*Counsel to Motion Picture Association of America*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2013

_____/s/_____
John S. Davis